DANIEL R. BALLOU, Administrator, *vs.* WILLIAM R. TAYLOR, Receiver.

The remedy on a mortgage is not lost because a personal action on the mortgage note is barred by the statute of limitations. The remedy on the mortgage is generally available until payment of the note is shown, or may be presumed, or until the mortgagor has remained in possession for twenty years without recognizing the mortgage.

A bill in equity was brought to cancel a mortgage and to enjoin proceedings under it, because the mortgage note was barred by the statute of limitations, because the mortgagee's

delay had caused the loss of the mortgagor's defensive evidence by the death of witnesses, and because the note had been paid in money and services.

*Held,* that the bill could not be maintained; the above named period of twenty years not having run out, the mortgagor being equally with the mortgagee cognizant of the loss of evidence, suit having been brought on the note to which the mortgagor pleaded dilatory pleas, and the evidence showing that the note was not paid in money and that the services gave only a claim in set off which was barred by the statute of limitations.

*Held,* further, that no costs should be allowed, the respondent having filed a demurrer which was overruled and having delayed to enforce the mortgage.

BILL IN EQUITY for the cancellation or discharge of a mortgage and for an injunction.

*Providence, November* 3, 1883.   DURFEE, C. J.   The object of this suit is to get the defendant decreed to cancel or discharge a mortgage which he holds, as receiver of the Bristol Commercial Bank, on the real estate of the late Joseph M. Blake, the complainant's intestate.   The grounds alleged for the relief are : *first,* that the note secured by the mortgage is stale, the statute of limitations having long ago run against it, and that the complainant, by reason of the defendant's *laches* or neglect to prosecute the mortgage, has lost the evidence which would enable him to defend against it; and, *second,* that the note has been fully paid or satisfied, partly in money and partly in professional services rendered by the intestate in his lifetime for the bank.   Other matters are alleged but not as independent and complete grounds in themselves.

1. The mortgage was executed by Blake, August 12, 1848.   It was given to secure a promissory note for $1,375, dated July 18, 1848, and payable to the bank or order four months after date, and also to secure any renewal or renewals thereof.   The note was renewed from time to time, interest being paid, until May 6, 1858, when the note in question, being a note of the same tenor and amount, was given.   On April 2, 1869, a payment of $350 was made by Blake on this latter note and indorsed thereon.   A payment of $500 not indorsed on the note is also claimed and admitted.   On May 19, 1869, the note was pledged to an insurance company as collateral security for a debt due to it from the bank, and on October 28, 1872, suit was begun on it in the name of the insurance company, and was continued from term to term, the defendant assuming the prosecution, until February 9, 1880, when it was discontinued, Blake having previously died, November 9,

1879. Neither the bank nor the defendant has ever attempted to foreclose or enforce the mortgage. From April 3, 1837, to April 6, 1863, Blake was a director in the bank. The bill alleges that by the death of those who were directors with him all the contemporary evidence relating to his note and its renewals has been lost.

We do not think the complainant makes out a case of relief on the ground of *laches*. The fact that the personal action on the note is barred by the statute of limitations does not defeat the mortgage. 2 Jones on Mortgages, § 1204. The remedy on the mortgage ordinarily remains good until the note is paid, or may be presumed to have been paid, or until the remedy has been lost by the lapse of twenty years without recognition of the mortgage as a valid lien by the mortgagor remaining in possession. Here the mortgage was recognized as recently as April 2, 1869, when $350 was paid by Blake on the note. "A payment of interest or of part of the principal renews the mortgage, so that an action may be brought to enforce it within twenty years after such last payment. This is a rule universally recognized." The language is quoted from Jones on Mortgages, § 1198. The cases cited by the complainant on this branch of his case are mainly cases in which the doctrine of *laches* was appealed to, not as a ground of relief but of defence, the complainants in them having unaccountably delayed suit. It has been held that where there is a statute of limitations, which is applicable, equity will not interfere at the suit of the debtor to shorten the period of limitation on the ground that the creditor has been guilty of *laches*. *Clark* v. *Clapp, ante,* p. 248 ; *Amory* v. *Lawrence,* 3 Cliff. 523, 527. But the case at bar, even if it is not within this rule, is devoid of any special equity. There is no evidence that either the bank or the defendant ever did anything to lead Blake to suppose either that the note had been paid in full or that he would not be required to pay it in full. It was as patent to him, as it was to the bank or to the defendant, that the old directors were dying and their testimony perishing with them. He knew the mortgage was out- standing, and there was nothing to prevent his bringing suit to redeem it, or, if he considered the debt paid, to have it cancelled or discharged. The action begun in 1872 apprised him that he was still looked to for payment ; and even if the defendant was

slack in prosecuting the action, it appears that Blake himself did not court a trial of it on the merits but interposed dilatory pleas.

2. Neither do we think that a case has been made out for relief on the ground of payment. The claim is that the note has been paid in money, or in services rendered by Blake as a lawyer. The services were rendered between 1837 and 1855, while Blake was a director. He never made any charge for them on his books. The defendant claims that he rendered them as director. But even if he rendered them as lawyer there is no proof of any agreement between him and the bank that they should be treated as payment on the note, and any presumption to that effect arising from the relation of the parties is rebutted by the renewal of the note in full in 1859. Certainly the note would not then have been renewed in full, if it had been previously paid either in full or in part. The claim for services, therefore, whether originally good or not, can only be regarded as a claim in set off, and as such it was barred long ago by the statute of limitations.

3. The complainant claims a credit of $240 and interest for money deposited in the bank and never credited. The defendant denies the deposit, and, though Blake claimed when alive that he made it, there is no legal proof of it. The complainant claims a credit for fifteen shares of stock sold to the bank. The evidence shows an offer on the part of the bank to take the stock, but it does not show that the offer was accepted by Blake. We think, therefore, that the note cannot be reduced by either of these claims. Nor do we see any good reason for refusing legal interest on the note since Blake's decease.

The bill alleges that dividends have accrued on the fifteen shares of stock aforesaid which have not been paid over, and asks to have them applied to the mortgage note. The answer is that the dividends have been used to keep down the interest on a note given for said stock, and have not fully sufficed for that purpose. We do not think the complainant has any equitable claim to have them otherwise applied.

The bill must be dismissed. We think however that, under the circumstances, it should be dismissed without costs. The bill was demurred to by the defendant and the demurrer overruled. Moreover, we think the defendant ought as receiver to have taken steps

immediately after discontinuing the action at law to enforce the mortgage. If he had done so this suit would have been without excuse.                                    Bill dismissed without costs.

Ballou & Jackson, for complainant.

George H. Browne & George L. Cooke, Jun., for respondent.